PER CURIAM.
Appellant, father of three children, commenced this pro se action against the mother and former wife on a pleading styled: “Motion: Rule to Show Cause Why Fathers [sic] Parenting Rights Should Not Be Restored.”[1] The mother responded with a motion to dismiss the father’s motion for the reason that “it is apparently an effort on behalf of the Husband [sic] to change custody and does not set forth the required allegations therefor.” After a hearing, the husband’s motion was dismissed without explanation.
It is clear to us, from the pleading and argument, that appellant seeks only enforcement of those visitation rights awarded him by terms of the final judgment, and not a custody change. If, as he contends, the mother and her new husband have denied him access to the children, then he is entitled to the immediate assistance of the court.
Reversed and remanded for further consistent proceedings.

.The motion reads in its entirety:
The Respondent, Gerald Clark pursuant to Florida Statue [sic] 61.13, moves this Honorable Court to restore the Parenting rights of the father. As grounds for said Motion the Respondent would state:
1. The children have been denied the companionship and love of the father.
2. The father has been denied the companionship and love of the children.
3. The court ordered visitation and rights of visitation have been denied to the children and the father.
4. The Petitioner Carol Clark, last known as Carol Lewis and Gary Lewis where [sic] allowed to violate Florida Chapter 787.04, noted in order issused [sic] Jan., 1979.
5. The children have been moved again, making this the fifth location in six years, present whereabouts unknown to father.
6. The vilolation [sic] of the father’s and children’s rights must be stopped.
WHEREFORE, based on the foregoing, the Father moves this Honorable Court to enter an order granting Custody rights to the Father, Gerald Clark purauant [sic] to Florida Statue [sic] 61.13.